**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-4389
_____

LEELA KPORLOR,
                                    Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
                                    Respondent
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A028-195-610)
Immigration Judge:  Honorable Margaret R. Reichenberg
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 12, 2013
Before:  SCIRICA, JORDAN and GREENAWAY, JR., Circuit Judges

(Opinion filed:  June 28, 2013)
_____

OPINION
_____

PER CURIAM

        Leela Kporlor petitions for review of his final order of removal.  We will deny the

petition.

Kporlor is a citizen of Liberia who entered the United States in 1993 as a refugee and later became a lawful permanent resident. In 1996, he was convicted in New Jersey state court of theft by deception in violation of N.J. Stat. Ann. § 2C:20-4. In 1998, he pleaded guilty to possession with the intent to distribute cocaine in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and (b)(2) and was sentenced to five years in prison. The Government later charged him as removable for, inter alia, having been convicted of two crimes involving moral turpitude, see 8 U.S.C. § 1227(a)(2)(A)(ii), and an illicit drug trafficking aggravated felony, see 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii).

Kporlor was represented by counsel before the Immigration Judge ("IJ"). He claimed to fear removal to Liberia because members of a former regime who are still in power under a different regime threatened to kill him in 1990 when he refused to join their rebellion against then-president Samuel Doe. The IJ sustained the charges referenced above and determined that the aggravated felony constitutes a "particularly serious crime" rendering Kporlor ineligible for asylum, see 8 U.S.C. § 1158(b)(2)(A)(ii) & (b)(2)(B)(i), and withholding of removal (given his five-year sentence), see 8 U.S.C. § 1231(b)(3)(B)(ii) & (b)(3)(B) (last paragraph). The IJ also denied Kporlor's claim for deferral of removal under the Convention Against Torture ("CAT"). The IJ found him credible and did not fault him for lack of corroboration, but she concluded that his claim that he faces torture in Liberia is speculative because the Liberian civil war ended in 2003

2

and Kporlor presented no evidence that anyone would target him.

Kporlor appealed to the Board of Immigration Appeals ("BIA") pro se. He also submitted additional evidence with his brief and filed a separate motion to remand to the IJ for consideration of a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). The BIA found no basis to disturb the IJ's conclusions and dismissed Kporlor's appeal. It also denied his requests to remand for consideration of the additional evidence and a § 212(h) application. Kporlor petitions for review pro se.[1]

## II.

Kporlor raises essentially four arguments on review, but they lack merit. First, Kporlor argues that a collateral challenge to his 1998 cocaine conviction remains pending and that the IJ erred in denying a continuance to await its result. Kporlor did not request such a continuance before the IJ, however, and did not raise this issue before the BIA. Thus, even assuming that this argument presents a due process claim that we would otherwise have jurisdiction to review, it is unexhausted and we lack jurisdiction to consider it for that reason. See 8 U.S.C. § 1252(d)(1); Hoxha v. Holder, 559 F.3d 157,

---

[1] We have jurisdiction under 8 U.S.C. § 1252(a)(1) to review final orders of removal. Because Kporlor has been convicted of an aggravated felony as discussed below, our jurisdiction extends only to constitutional claims and questions of law. See 8 U.S.C. § 1252(a)(2)(C), (D); Kaplun v. Att'y Gen., 602 F.3d 260, 265 (3d Cir. 2010). We review such claims de novo subject to established principles of deference. See id. Our review is of the BIA's decision, though we may look to that of the IJ as well to the extent that the BIA affirmed the IJ's conclusions. See Sandie v. Att'y Gen., 562 F.3d 246, 250 (3d Cir. 2009). Kporlor has not challenged the BIA's denial of a remand for consideration of a § 212(h) waiver, and thus has waived the issue, but the BIA properly explained why

3

163 n.5 (3d Cir. 2009). We nevertheless note that the IJ continued Kporlor's proceeding seven times over a period of seven months and that his conviction remains final for immigration purposes notwithstanding his apparently pending collateral challenge. See Paredes v. Att'y Gen., 528 F.3d 196, 198-99 (3d Cir. 2008).

Second, Kporlor argues that the BIA erred in concluding that his 1998 cocaine conviction constitutes an aggravated felony. In particular, he argues that his statute of conviction is divisible and that the BIA erred by failing to apply the modified categorical approach in concluding that his conviction constitutes a hypothetical federal felony. The BIA did apply that approach, however, and his conviction clearly qualifies.

Kporlor pleaded guilty to possession with the intent to distribute controlled substances in violation of N.J. Stat. Ann. § 2C:35-5(a)(1) and (b)(2). That statute "proscribes the identical conduct" as 21 U.S.C. § 841(a)(1). Wilson v. Ashcroft, 350 F.3d 377, 381 (3d Cir. 2003). A conviction under the New Jersey statute is not categorically an aggravated felony, but only because the statute covers possession with the intent to distribute marijuana, and distribution of a "small amount" of marijuana for no remuneration is only a federal misdemeanor. See 21 U.S.C. § 841(b)(4); Wilson, 350 F.3d at 381. Thus, the BIA properly applied the modified categorical approach to determine whether Kporlor was convicted under that part of the statute. See Evanson v. Att'y Gen., 550 F.3d 284, 290-91 (3d Cir. 2008).

Kporlor is ineligible for such a waiver in any event.

He was not. The modified categorical approach permits consideration of the criminal judgment and charging instrument (among other things), see id. at 290, and those documents reveal that Kporlor pleaded guilty to Count One of the indictment, which charged him with possessing with the intent to distribute between one-half of an ounce and five ounces of cocaine. (A.R. 666-67.) Federal law contains no misdemeanor provision for distributing a "small amount" of cocaine and instead makes possession with the intent to distribute cocaine punishable by up to twenty years in prison, see 18 U.S.C. § 841(b)(1)(C), so Kporlor's conviction constitutes an aggravated felony under the hypothetical federal felony approach. As explained by the IJ and BIA, that conviction leaves him with deferral of removal under CAT as the only potentially available relief.[2]

Third, Kporlor challenges the IJ's denial of his CAT claim on the merits. As the Government notes, Kporlor's conviction of an aggravated felony deprives us of jurisdiction to review his factual arguments in this regard. (The Government argues in the alternative that the Agency's findings are supported by substantial evidence, and we might well agree if we had jurisdiction to reach that issue.) As for challenges properly

---

[2] After briefing was complete, Kporlor filed a Rule 28(j) letter raising Moncrieffe v. Holder, 133 S. Ct. 1678 (2013). That decision holds that a conviction under a statute that encompasses distribution of a small amount of marijuana for no remuneration does not categorically constitute an aggravated felony. See id. at 1686-87. We had already so held in Wilson and Evanson, and Moncrieffe otherwise has no bearing on the treatment of Kporlor's conviction, which involved cocaine. Kporlor also argues that we should apply the "rule of lenity," but that rule is inapplicable because nothing in this case turns on a grievously ambiguous statute. See Patel v. Ashcroft, 294 F.3d 465, 473 n.9 (3d Cir. 2002), superseded by statute on other grounds as recognized in Kamara v. Att'y Gen.,

characterized as legal, Kporlor argues that the BIA applied the wrong standard of review by engaging in de novo factfinding regarding the likelihood of torture. See Kaplun, 602 F.3d at 271. It was the IJ who concluded that Kporlor did not show a likelihood of facing treatment amounting to torture in Liberia, however, and the BIA expressly cited Kaplun and properly reviewed that finding for clear error. Kporlor also challenges the IJ's discussion of whether the Liberian government would be willfully blind to torture or whether the torture would be committed with specific intent, but he has raised no legal or constitutional basis to disturb the Agency's finding that he has not shown a likelihood of being tortured in the first place.

Finally, Kporlor argues that the BIA abused its discretion in denying his request to reopen or remand for presentation of his additional evidence, including a video from 1990. The actual video is not contained in the record, but Kporlor represents that it "shows that the [sic] Prince Johnson, a current member of the Liberian government, giving orders to his rebel underlings to murder Samuel Doe, the then president of Liberia." (Pet'r's Br. at 17.) The BIA declined to remand for consideration of this evidence because it was available before Kporlor's hearing and he provided no explanation for not having presented it then. See 8 C.F.R. § 1003.2(c)(1).

Kporlor provides such an explanation for the first time on review (i.e., that he was incarcerated and only learned of the video while waiting for the IJ to issue her written

---

420 F.3d 202, 209 (3d Cir. 2005).

decision), but he did not exhaust that issue before the BIA.  In addition, although we ordinarily review the BIA's denial of remand or reopening for abuse of discretion, <u>see</u> <u>Pllumi v. Att'y Gen.</u>, 642 F.3d 155, 158 (3d Cir. 2011), we lack jurisdiction to do so in this case because Kporlor is an aggravated felon and has raised no colorable legal or constitutional claims in this regard.  We further note that none of Kporlor's new evidence undermines the basis for the IJ's decision because none if it relates to conditions in Liberia following the end of the civil war in 2003.

For these reasons, we will deny Kporlor's petition for review.  Kporlor's requests for oral argument and a stay of removal are denied as well.